# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

| | |
|---|---|
| **In Re:**<br><br>RONALD R. BURCHAM and<br>CHRISTINE K. MARTINEZ,<br><br>**Debtors.** | **Bankruptcy Case<br>No. 04-04178** |

---

| | |
|---|---|
| SUSANNE T. ROBINSON,<br><br>**Plaintiff,**<br><br>**vs.**<br><br>RONALD R. BURCHAM,<br><br>**Defendant.** | **Adv. Proceeding No. 05-6002** |

---

### MEMORANDUM OF DECISION
---

**Appearances:**

    Susanne T. Robinson, Boise, Idaho, Pro Se Plaintiff.

    Richard Alban, Nampa, Idaho, Attorney for Defendant.

    Plaintiff Susanne Robinson asks the Court to determine that a debt owed to her by her former spouse, Defendant Ronald Burcham, arising from their

MEMORANDUM OF DECISION - 1

divorce decree is excepted from discharge in Defendant's Chapter 7 bankruptcy case. The Court conducted a trial in this adversary proceeding on August 18, 2005, at which the parties presented evidence and testimony. The issues were taken under advisement. This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

**Facts**

The parties were divorced on May 15, 2003. Ex. 1. Defendant was obligated to pay a debt owed to Capital One VISA in the amount of $5,989.65. Compl. Docket No. 1. Defendant failed to pay this debt.

On March 15, 2004, a Stipulation, Order and Judgment was entered in state court wherein Defendant was given "an additional thirty (30) days in which to remove his name from the Capital One Visa/Ford Explorer account and/or roll the balance over to another card or account." Ex. 2. Neither occurred. Defendant filed for bankruptcy relief under Chapter 7 on November 22, 2004. It is unclear what payments, if any, Defendant has made to Capital One VISA.

Plaintiff works for the United States Department of Agriculture. Plaintiff remarried and her spouse, Ronald Robinson, is employed by the Idaho Department of Labor and Commerce. The Robinsons' combined monthly net income is $4,682.54, which figure includes $218.79 in child support Plaintiff

MEMORANDUM OF DECISION - 2

receives from Defendant.[1]  Ex. 8.  Plaintiff calculates her monthly expenses at $6,431.36.  This leaves Plaintiff with a monthly deficit of $1,748.82.  Ex. 8.

Defendant, who has also remarried, is currently unemployed.  He testified he prefers to be a stay-at-home father because he can not earn enough to cover daycare expenses for his six-year-old twin step-daughters.  His last job was installing spray-in truck linings, but he was laid off due to a slow down in business.  Prior to that, Defendant worked ten years for an irrigation district.  A confrontation with a superintendent ended that employment.  From 1986 to 1994, Defendant served in the Army as a diesel engine mechanic.

Defendant testified he is currently searching for full-time work, but would like to start his own lawn and sprinkler business.  Defendant receives $108 a month in disability payments attributable to an ankle injury suffered in the military.  He may need surgery.  On his Amended Schedule I, Ex. F, Defendant stated he receives $1,000 a month from his lawn and sprinkler business, however, through testimony Defendant indicated that the amount listed is what he hopes to earn when he is able to work more once the twins are in school.  Currently, his only customer is his mother, who pays him $40 a month to maintain her lawn.

Defendant's spouse, Christina Martinez, is a recreational therapist

---

[1] Defendant testified he is currently six months behind in paying child support.

MEMORANDUM OF DECISION - 3

with a masters degree. Her net monthly income is $2,409.94, including the thirteen dollars a month in child support she receives from her ex-husband. Ex. F. Ms. Martinez has custody of her twin daughters every other week. However, once school begins the twins will live full-time with Defendant and Ms. Martinez. Ms. Martinez testified there is no prospect for a modification of child support to reflect this change in custody, but that her ex-husband has agreed to pay the twins' out-of-pocket medical expenses.

Defendant calculates his total monthly expenses at $3,866.50. Defendant and his spouse have a combined monthly income of $2,557.94,[2] leaving Defendant with a monthly deficit of $1,308.56.

Plaintiff contends Defendant's current financial obligations are short term and he will be able to pay the Capital One VISA bill. Plaintiff's husband is ill, meaning that Plaintiff will face an uncertain amount of future medical bills, and uncertainty as to how this illness will impact the couple's finances. Defendant argues he does not have the ability to pay the VISA bill and that the benefit of a discharge to him would outweigh the detriment it would cause Plaintiff.

---

[2] This includes Ms. Martinez's take home pay of $2,409.94, Defendant's $108 in disability and the $40 he earns mowing lawns. Because Defendant testified the $1,000 he scheduled as his income is what he hopes to earn, the Court did not consider that amount.

MEMORANDUM OF DECISION - 4

## Disposition

**A. Applicable Law.**

A debt arising from a divorce decree is not subject to discharge unless:

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

"Plaintiff bears the burden of making a *prima facie* case for application of the exception to her debt." *Edwards v. Edwards* (*In re Edwards*), 96.3 I.B.C.R. 105, 106 (Bankr. D. Idaho 1996). The parties concede the debt arises from the divorce and that § 523(a)(15) applies. As a result, the burden shifts to Defendant to show he should receive a discharge pursuant to § 523(a)(15)(A) or (B). *Id.* "However, Defendant need demonstrate he satisfies the conditions of only one of these subsections, since the statute is clearly phrased in the

MEMORANDUM OF DECISION - 5

alternative." *Id.* (citing 11 U.S.C. § 102(5)).

The Court applies "the same analysis under Section 523(a)(15) as that used in Chapter 13 disposable income determinations." *Edwards*, 96.3 I.B.C.R. at 107 (citing *In re Jodoin*, 196 B.R. 845, 854 (Bankr. E.D. Cal. 1996); *In re Morris*, 193 B.R. 949, 953 (Bankr. S.D. Cal. 1996)). "The Court considers Defendant's annual income, reasonably necessary expenses, and reasonably projectable future events known at the time of trial." *Id.* (citing *Morris*, 193 B.R. at 953, n.6).

> In simple terms, the "disposable income" test requires the court to assess the debtor's budgeted necessary expenses to determine whether the debtor could afford to pay the obligation. Any income remaining after satisfying the debtor's budgeted necessary expenses is considered "disposable income" which can be applied towards the debtor's obligations.

*Prestwich v. Prestwich* (*In re Prestwich*), 01.3 I.B.C.R. 101, 102 (Bankr. D. Idaho 2001) (internal citations omitted).

**B. Analysis.**

Defendant's monthly budget for expenses is $3,866.50. The expenses consist of: a house payment of $795; electricity and heating of $175; water and sewer of $35; telephone of $60; a cell phone for $144; home maintenance of $100; food of $600; clothing of $150; laundry and dry cleaning of

MEMORANDUM OF DECISION - 6

$30; medical and dental of $255; transportation, not including car payment, of $300; recreation of $100; charitable contributions of $10; auto insurance of $80; an auto payment of $247; a reaffirmed debt to Les Schwab of $75; a debt to Fred Meyer Jewelers of $75; child support to Plaintiff of $210.50; and other expenses of $425.

To the Court, in this context, several of Defendant's expense items are excessive or even unnecessary. The auto payment of $247 should not be considered as Defendant testified the car was repossessed. Defendant's payment of $75.00 a month to Fred Meyer Jewelers is not a necessary monthly expense. Finally, the Court finds $144 a month for a cell phone is an excessive amount under these facts. Defendant's attorney indicated this includes phones for both Defendant and Ms. Martinez. Since Defendant is not working outside the home, he should be expected to use the home phone. Defendant's list of expenses will therefore be reduced by $422.

However, even given the reduction, Defendant still has a monthly income/expense deficit of $886.56. Even if the Court included as income the $1,000[3] a month Defendant hopes to make with his lawn and sprinkler business,

---

[3] Given Defendant's work history there is no reason to doubt that he could make at least $1,000 a month even if he were to obtain employment other than starting his own business.

MEMORANDUM OF DECISION - 7

this would place the family in the position of having a monthly disposable income of $113.44.[4]   While neither party showed the Court the current amount needed for monthly payments on the Capital One VISA account, Plaintiff testified the monthly payments used to be between $150 and $160.  After reducing Defendant's monthly expenses and considering his target monthly income, it is clear that Defendant does not have the funds necessary to pay the Capital One VISA bill.

There are also other expenses which are not currently reflected in Defendant's budget, but which should be considered in this analysis.  Defendant is six months behind in child support payments that he will need to make current because he testified that if he fails to address this problem, the State will suspend his driver's license.  Additionally, Defendant testified his family now has only one vehicle, a 1984 Jeep.  Acquiring another vehicle would seem to be a necessity to sustain the family.

### Conclusion

As noted above, under § 523(a)(15) Defendant need only show he

---

[4] This number ignores the probability that for Defendant to work he will likely need another car so both he and Ms. Martinez can travel to and from work.  Additionally, the budget does not appear to include any business expenses.  It is unlikely any surplus is likely to exist, but the Court considers it based upon the income and expenses the parties submitted.

MEMORANDUM OF DECISION - 8

satisfies the requirements of subsection (A) or (B) to discharge his obligation to his former spouse. Defendant has shown for purposes of § 523(a)(15)(A) that he does not have the ability to pay the debt. Defendant's obligation to Plaintiff for the Capital One VISA account is therefore discharged. A separate judgment will be entered.

Dated: September 2, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge